# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-50218

———————

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSEPHINE CASANDRA PEREZ-GORDA,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-845-2

———————————————————————————

Before HO, DUNCAN, and OLDHAM, *Circuit Judges*.
JAMES C. HO, *Circuit Judge*:

Josephine Perez-Gorda appeals her federal convictions for fraud. Her husband Justin suffered a brain injury while on duty abroad with the United States Army. Following his return to the United States, he and Perez-Gorda repeatedly told providers and caregivers at the U.S. Department of Veterans Affairs that he could not walk or take care of himself. Based on these representations, the couple received government benefits—including a new home and new car. Perez-Gorda also received a caregiver stipend. But in fact, Justin was more mobile and self-sufficient than he and Perez-Gorda had represented. They were charged with fraud and conspiracy.

No. 23-50218

After Justin's death in 2022, a grand jury returned a superseding indictment against Perez-Gorda. The grand jury indicted Perez-Gorda on fourteen counts of wire fraud under 18 U.S.C. § 1343; mail fraud under 18 U.S.C. § 1341; health care fraud under 18 U.S.C. § 1347; conspiracy to commit health care fraud under 18 U.S.C. § 1349; and various associated aiding and abetting offenses under 18 U.S.C. § 2. A jury voted to convict her on all counts. Following the jury verdicts, the district court sentenced Perez-Gorda to forty-six months in prison.

In this appeal, Perez-Gorda correctly points out that the jury instructions on wire and mail fraud in her trial have been rendered erroneous by intervening circuit precedent. But she did not object to the instructions at trial, and we see no reasonable possibility that a jury would have acquitted under the proper instructions. Her other challenges are unavailing as well. We accordingly affirm.

## I.

Perez-Gorda primarily challenges the district court's instructions to the jury. A conviction for wire fraud or mail fraud requires a showing that the defendant acted with "specific intent to defraud." *United States v. Hoffman*, 901 F.3d 523, 545 (5th Cir. 2018) (citing *United States v. Kuhrt*, 788 F.3d 403, 413–14 (5th Cir. 2015) and *United States v. Brooks*, 681 F.3d 678, 700 (5th Cir. 2012)); 18 U.S.C. §§ 1341, 1343. During Perez-Gorda's trial, the district court instructed the jury that a "specific intent to defraud" means "a conscious, knowing intent to deceive *or* cheat someone." That instruction was consistent with pattern instructions in effect at the time of the trial.

After Perez-Gorda's conviction, and while this appeal was pending, the Fifth Circuit clarified that specific intent in this context requires an intent to both "deceive *and* cheat" someone. *United States v. Greenlaw*, 84 F.4th 325, 351 (5th Cir. 2023) (quoting *United States v. Miller*, 953 F.3d 1095, 1103

2

(9th Cir. 2020)). Perez-Gorda argues that the misstatement of the law in her jury instruction requires vacatur and a new trial on the wire fraud and mail fraud counts.

But Perez-Gorda did not object to the instruction at trial. So we review it only for plain error. *See Henderson v. United States*, 568 U.S. 266, 272 (2013). The Government concedes that the instruction was obviously erroneous under intervening precedent. The only question is whether the error affected Perez-Gorda's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993).

An error affects substantial rights only when a defendant can "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (cleaned up).

Perez-Gorda does not make this showing here. Indeed, she does not even attempt to argue that a correct instruction had a reasonable probability of changing the outcome. Instead, she maintains only that the jury "could" have returned a different verdict if instructed properly. And regardless, the jury considered evidence that she sought benefits with the intent to both deceive and cheat—that is, to deprive the government "of money or property by means of deception." *Greenlaw*, 84 F.4th at 351 (quoting *Miller*, 953 F.3d at 1103). The jury heard evidence that Perez-Gorda claimed that Justin could not walk or perform basic life tasks, despite claiming at other times that he could walk and perform home improvement projects. The jury also heard evidence that the Department of Veterans Affairs awarded Perez-Gorda the highest tier of caregiver benefits after she told them Justin could not be left alone—but that Perez-Gorda then left him alone for nine days while she vacationed at Disneyworld. And it heard evidence that she traded in the car that she had requested from Veteran Affairs to accommodate Justin's

mobility—for a new Escalade without the corresponding adaptive equipment.

We do not see a reasonable probability that the jury would have voted to acquit on this evidence under the proper instructions.

## II.

Perez-Gorda raises other, ancillary challenges, none of them availing. She challenges statements from a federal agent during the grand jury proceedings implying that Justin was still alive and that his injury was comparable to a concussion sustained in a game of football. She argues that these statements prejudiced the grand jury, which indicted her. But she fails to show they were "capable of influencing the grand jury's decision." *United States v. Cessa*, 861 F.3d 121, 141 (5th Cir. 2017) (cleaned up). Proceedings against Perez-Gorda were already underway for the charges against her and Justin. Moreover, none of the indictments depend on her husband's death, which took place after the operative events.

Perez-Gorda also challenges the jury verdicts themselves, arguing that they were not supported by substantial evidence. We affirm a jury verdict as long as a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014). Perez-Gorda gives reasons why a jury could have chosen not to convict her, but she does not show that no reasonable jury could convict. We think a rational jury could have found Perez-Gorda guilty of fraud: as noted above, the jury heard evidence that Perez-Gorda requested and received benefits based on Justin's immobility despite knowing he could walk, that she requested and received benefits based on his inability to take care of himself even though she knew that he could take care of himself, and that some of the benefits did more to help her than Justin.

No. 23-50218

Finally, Perez-Gorda also challenges her sentence. The district court adjusted Perez-Gorda's sentence upward by two levels based on a finding that she was an "organizer, leader, manager, or supervisor" of another participant in the criminal activity. U.S.S.G. § 3B1.1(c). This was a factual finding, *see United States v. Gonzales,* 436 F.3d 560, 584 (5th Cir. 2006), so we review it for clear error. *See United States v. Hernandez-Galvan*, 632 F.3d 192, 196 (5th Cir. 2011). This finding is not clearly erroneous. The record could convince a reasonable fact-finder that Perez-Gorda supervised Justin in the fraudulent activity: evidence showed that Perez-Gorda researched benefits, exercised control over the couple's finances, attended all of Justin's medical appointments, and demanded that neighbors, family, and medical providers contact him only through her.

We affirm.